CHARLES BRADY and wife v. E. S. MANESS and another.

*Ejectment—Lappage.*

In case of a lappage, and each bargainee is on his own land, outside the interference, the title will be in him who has the elder title; but if the junior bargainee has had actual adverse possession for seven years with color, he acquires a good title to the part so occupied. Here, the defendant having failed to establish such possession, and the jury having found in favor of the plaintiff, the latter is entitled to recover.

EJECTMENT, tried at December Special Term, 1883, of MOORE Superior Court, before *MacRae, J.*

The plaintiffs read in evidence a grant from the state to Joseph Cook, dated December 18, 1797, which covered the land in dispute, and showed a regular chain of title by deed and descent to Elizabeth Moore, the mother of the feme plaintiff, who died intestate.

The defendants, in support of their title, introduced a deed from Malcolm McNeill, sheriff, to Isaac Beason, dated in May 1798, which recited and purported to have been made in pursuance of a sale made by said sheriff on the 19th of September, 1796, and showed a regular chain of title by deeds from said Beason to the defendant, E. S. Maness.

The case states there was evidence tending to prove that defendants' grant and deeds covered the *locus in quo,* but there is no mention of any grant having been offered in evidence by the defendants.

There was no evidence that plaintiffs or those under whom they claim, had ever been in possession of the portion of land in dispute, which is a lappage. And there was conflicting evidence as to whether defendants had been in possession of any portion of the lappage as long as seven years

before the commencement of this action. There was also conflicting evidence as to whether the defendants had been in possession of a portion of the land sued for, under color of title for more than seven years before suit brought.

The defendants introduced Henry Maness as a witness, who testified that Billy Martindale entered land adjoining the land claimed by the plaintiffs, and gave it to his son, and that he (witness) bought it from Eli Moffitt and Alfred Brower at a trust sale, and sold it to Joe Moore, who lives on it now, and that it lapped over on the Cook land, but how far and at what point the witness did not state; but what he claimed was the lappage of the Beason land on the Cook land; and that was about twenty-five years ago.

Neither the alleged grant nor mesne conveyances were introduced.

It was further in evidence that Joseph J. Moore, a son of Elizabeth Moore, cultivated a small field on one side and inside the lappage for ten years—the witnesses disagreeing as to whether he cultivated it every year or not; and there was no testimony as to how said Moore held possession of the field, or whether it was the clearing made by Henry Maness.

The defendants' counsel requested His Honor on the above state of facts to charge the jury " that the possession of Joseph Moore, holding under Henry Maness, who held under the Martindale grant and a deed by virtue of a sale under a deed of trust to Moffitt and Brower for one hundred acres, part of the Cook land, and now holding under the Cook grant, was adverse to the plaintiffs in this action, who must prove title against the world." The instruction was refused and the defendants excepted.

Verdict and judgment for plaintiffs, and the defendants appealed.

*Messrs. J. W. Hinsdale* and *W. E. Murchison*, for plaintiffs.
*Messrs. McIver & Black*, for defendants.

ASHE, J. The only question presented by the record for our determination is, whether His Honor in the court below committed an error in refusing to give the charge requested.

The land in dispute is a lappage to which the plaintiffs claim title through a grant from the state, dated in 1797, for the land described in the complaint, which includes the *locus in quo,* and by mesne conveyances and descent to the feme plaintiff.

The defendants claim the land through a sheriff's deed, dated in 1798, and mesne conveyances to the defendant, E. S. Maness.

The title made out by the plaintiffs is indisputable, unless the defendants show that they, or those under whom they claim, have been in the adverse possession of the interference for seven consecutive years with color of title. It is well settled that where two deeds cover in part the same land and each bargainee is settled on his own land, outside of the interference, the title will be in him who has the elder title; but if the junior bargainee has been in the actual possession of the lappage for seven years, he will have thereby acquired a good title to that part by virtue of the statue of limitations.

The defendant Maness contended that he had held adverse possession of the lappage for seven years with color of title, and offered evidence to sustain the position; but it was met by conflicting evidence on the part of the plaintiffs; and this constituted the only real issue which was submitted to the jury.

The defendant contended that even if he should fail to establish the seven years adverse possession of the lappage by himself, or those under whom he claims, still, the plaintiffs could not recover, for that, one Joe Moore had been in possession of the land for more than seven years with color of title, and requested His Honor to charge the jury, " that

the possession of Moore holding under Henry Maness who held under the Martindale grant and a deed by virtue of a sale under a deed of trust to Moffitt and Brower for one hundred acres, part of the Cook land, and now holding under the Cook grant, was adverse to the plaintiffs, and they must make out a title against the world."

His Honor very properly refused to give the charge; for what difference could it make whether Joe Moore was in possession of any part of the land in dispute, or how long he had held possession, if the defendants were also in possession. Moore is not a party to the action; nor was it shown that he held possession under the defendants. Moore's possession therefore could not prevent the defendants from being trespassers.

Admitting that Moore had held possession of a small field on the interference for ten years without interruption, as contended by the defendants, upon which some doubt however is thrown by the testimony, it could not avail him anything, and much less the defendants, without color of title, and that he did not have; for in the claim set up for him by the defendants under the Martindale entry, there was no grant or deed of any description offered in evidence, that could be construed into a color of title. But even conceding that Moore had possession of the small field described by the witness, on one side of the lappage for twenty-five years, that, without color of title, would only give him a title by presumption of a deed from the plaintiffs, or some one of those under whom they claim, to the extent of his actual possession, that is, up to his enclosure; but that could not prevent the plaintiffs from recovering that portion of the lappage which was outside his enclosure and in possession of the defendants.

The jury having found all the issues upon the question of adverse possession against the defendants, and there being no error in the refusal of His Honor to give the instruc-

tion asked for by the defendants, the judgment of the court below must be affirmed.

No error.                                        Affirmed.